UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Christopher Andrews<br><br>      Plaintiff,<br><br>v.<br><br>Southeast Amalgamated, Inc. d/b/a Shelton Oil & Transport Co., and Estate of John Daniel Fink, deceased<br><br>      Defendants. | Civil Action No. 7:16-cv-2216-MGL<br><br>**COMPLAINT AND JURY DEMAND**<br>(Personal Injury/Damages) |

The Plaintiff complaining of the Defendants herein, would respectfully show:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times, Plaintiff Christopher Andrews was domiciled in Knox County, Tennessee.

2. At all relevant times, Defendant Southeast Amalgamated, Inc. d/b/a Shelton Oil & Transportation Co. was a corporation incorporated under the laws of North Carolina with its principal place of business in North Carolina (hereinafter collectively referred to as "Southeast Amalgamated, Inc."); further, said Defendants, at all times relevant hereto, were operating a commercial trucking company, with the truck involved in the collision in question, operating in Spartanburg County, South Carolina.

3. At all relevant times, Defendant John Daniel Fink (deceased) was domiciled in Henderson County, North Carolina; further, that at the time of the collision in question, was driving

the tractor trailer for Defendants Southeast Amalgamated, Inc. in Spartanburg County, South Carolina.

4. The amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney fees.

5. The United States District Court of South Carolina has jurisdiction over this subject matter pursuant to 28 U.S.C. § 1332.

6. The subject incident occurred in Spartanburg County, South Carolina, within the federal judicial district of South Carolina.

7. Venue is proper in the United States District Court of South Carolina pursuant to 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

8. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully restated herein.

9. The subject incident occurred on Interstate 26 westbound near mile marker 17 in Spartanburg County, South Carolina.

10. At all relevant times, decedent John Daniel Fink was an employee acting within the course and scope of his employment with Southeast Amalgamated, Inc., driving the gasoline tanker truck owned by Southeast Amalgamated, Inc.

11. On June 27, 2015, Southeast Amalgamated, Inc. and John Daniel Fink operated a commercial gasoline tanker truck filled with highly flammable liquid and hazardous material at a speed that was too fast for conditions, failed to maintain an assured clear distance between them and

the vehicles ahead of them, failed to keep a proper lookout, and were otherwise negligent when they caused Christopher Andrews' injuries.

12. Southeast Amalgamated, Inc. and John Daniel Fink operated said vehicle in violation of multiple federal and state statutes, including but not limited to the transportation of a nine-year-old boy as an unauthorized passenger (James Fink, nine-year-old son of John Daniel Fink) and otherwise recklessly, illegally and negligently drove the tanker truck into the rear of three different vehicles, including the one occupied by Christopher Andrews causing his injuries, as set forth below.

13. Further, Southeast Amalgamated, Inc. negligently hired, trained, retained and supervised John Daniel Fink, and negligently entrusted its vehicle to him, and deliberately failed to enforce state and federal safety rules that they knew or should have known were being violated by driver John Daniel Fink, all of which resulted in the above described crash and injuries to Christopher Andrews.

14. As Southeast Amalgamated, Inc. and John Daniel Fink wrecked the gasoline tanker truck and the other vehicles into which they collided, they overturned the tanker truck, resulting in at least three vehicles being set on fire, burning three people to death, and burning the roadway so severely that it was unusable until permanent repairs could be made.

15. Christopher Andrews was severely injured as a result of the crash and sustained burns on over thirty percent of his body.

**AS A FIRST CAUSE OF ACTION**
Negligence and Recklessness

16. Each and every allegation set forth in the preceding paragraphs is hereby incorporated as if fully restated herein.

17. That the Defendants Southeast Amalgamated, Inc. and John Daniel Fink were negligent, reckless, careless, grossly negligent, wanton and willful as follows:

    (A)    In operating the vehicle to fast for conditions, and/or speeding;

    (B)    In following too closely;

    (C)    In failing to maintain sufficient safe distance from the other vehicles on the road;

    (D)    In failing to keep a proper lookout;

    (E)    In failing to keep the vehicle under proper control;

    (F)    In failing to avoid collision with other vehicles on the road;

    (G)    In failing to sufficiently apply brakes and slow the vehicle;

    (H)    In committing the above stated acts of negligence and recklessness while knowingly transporting dangerous and flammable substances;

    (I)    In failing to use the degree of care and caution requisite when transporting dangerous and flammable substances.

18. That Defendant Southeast Amalgamated, Inc. was further negligent, reckless, careless, grossly negligent, wanton and willful in the hiring, training, supervision and retention of its employee/driver John Daniel Fink, and in negligently entrusting its vehicle to him.

19. That Defendant Southeast Amalgamated, Inc. is liable and responsible to the Plaintiff for its own acts and delicts of negligence, recklessness, carelessness, gross negligence and wanton and willful conduct, and for the acts and delicts of its employee and driver John Daniel Fink on the basis of <u>respondeat superior</u>.

20. That the Defendants are further liable for negligence per se, in the violations of multiple state and federal statutes, including but not limited to:

- S.C. Code Ann. § 56-5-1520 - Speeding/too fast for conditions
- S.C. Code Ann. § 56-5-1520 - Failure to Keep Proper Lookout
- S.C. Code Ann. § 56-5-1930 - Following too Closely

21. That as a result of the acts and delicts of the Defendants, the Plaintiff was damaged and injured and will in the future continue to be damaged and injured as follows:

(A) In incurring extraordinary medical expenses, in excess of $2,000,000.00 and continuing;

(B) In suffering excruciating pain and suffering from extensive and terrible burns and injuries;

(C) In suffering from debilitating and disabling injuries;

(D) In suffering permanent disfigurement;

(E) In having to undergo multiple and extensive surgeries and medical procedures and treatments;

(F) In suffering emotional distress and psychological harm;

(G) In suffering the loss of enjoyment of life.

22. That the acts and delicts of the Defendants were the sole and proximate cause of the injuries and damages sustained by the Plaintiff.

23. That Plaintiff is informed and believes that he is entitled to judgment against the Defendants for actual and punitive damages.

Wherefore, Plaintiff prays for judgment against the Defendants, in the amount of $15,000,000.00 (Fifteen Million Dollars) as actual damages, for punitive damages in an amount to be determined by this Court, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

    s/ Gary W. Poliakoff
Gary W. Poliakoff (Fed I.D. #3078)
Raymond P. Mullman, Jr. (Fed I.D. #6768)
POLIAKOFF & ASSOCIATES, P.A.
215 Magnolia Street (29306)
P.O. Box 1571
Spartanburg, SC 29304
(864) 582-5472
(864) 582-7280 - facsimile
atty@gpoliakoff.com
rmullmanjr@aol.com

Donald C. Moore, Jr.  (OH # 0003945)
THE MOORE LAW FIRM
1060 Nimitzview Drive, Suite 200
Cincinnati, Ohio  45230
(513) 232-2000
(513) 232-0700 - facsimile
dmoore@moorelaw.com

ATTORNEYS FOR PLAINTIFF

June 24, 2016
Spartanburg, South Carolina

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues.

    s/Gary W. Poliakoff